# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6539 | **DATE** | 12/11/2002 |
| **CASE TITLE** | Joe McDaniel vs. Trail King Industries, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | DEC 1 2 2002 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | 130 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| TH | courtroom deputy's initials | | 02 DEC 11 PM 5:00 | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOE McDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99 C 6539 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| TRAIL KING INDUSTRIES, INC.; and | ) | |
| WERNER, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TRAIL KING INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| MR. BULT'S, INC.; SHRED-ALL RECYCLING | ) | |
| SYSTEMS, INC.; and WAGNER TARPS, | ) | |
| | ) | |
| Third-Party | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe McDaniel fell off of a tipper trailer that he was using to haul municipal

waste. As a result of the fall, McDaniel's leg was amputated. Among the parties that McDaniel

sued in this diversity action was the manufacturer of the trailer, Trail King Industries, Inc. ("Trail

King"), on theories of strict liability, negligence and breach of warranties. Trail King has filed a

motion for summary judgment. As detailed below, Trail King's motion is denied in part and

granted in part.

130

# UNCONTESTED FACTS[1]

## I.    The Parties

Joe McDaniel resides in Illinois. (R. 106-1, Trail King Statement of Undisputed Facts ¶ 7.) He began his career as a truck driver in the early 1970s and started hauling municipal waste in 1992. (*Id.* ¶¶ 35, 38.) At the time of the incident, McDaniel was employed by Mr. Bult's, Inc. as a driver that pulled tipper trailers[2] to haul municipal waste. (*Id.* ¶¶ 1, 44, 46.)

Trail King is a South Dakota corporation with its principal place of business in that state. (R.106-1, Trail King Statement of Undisputed Facts ¶ 8.) Trail King designs and manufactures tipper trailers for waste hauling. (*Id.* ¶ 2.)

## II.    The Facts

### A.    The trailer

The Trail King tipper trailer (the "trailer") that was involved in the incident is a little more than 13 feet high and is approximately 8 ½ feet wide. (R. 106-1, Trail King Statement of Undisputed Facts ¶ 29.) The trailer is equipped with two ladders that were furnished by Defendant Werner, Inc. (*Id.* ¶ 26.) One ladder is affixed to the front bulkhead of the trailer. (*Id.*) The other is affixed to the rear of the trailer. (*Id.*) The rear ladder is centered between the sides

---

[1] Plaintiff improperly denied several of Trail King's statements of uncontested facts. In some instances, Plaintiff provided no citation to any evidence disputing the facts. In other cases, Plaintiff's references did not dispute Trail King's statement. Also, Plaintiff improperly provided information within its responses to Trail King's statements that instead should have been included in Plaintiff's statement of additional facts. Where appropriate, these responses have been disregarded and their corresponding statements have been deemed admitted pursuant to Local Rule 56.1.

[2] A tipper trailer is an open trailer that has an open top for loading waste, and a rear tailgate for discharge of the load. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 33.)

of the trailer. (*Id.* ¶ 27.) The top of the rear ladder is mounted just below the top of the trailer. (*Id.*) The trailer does not have any hand rails on the tailgate for the drivers to use while climbing on the rear ladder or affixing a tarp. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 59.) The trailer also does not have a platform to walk on. Although a two-inch channel or brace protrudes from the tailgate, it is an insufficient surface on which to stand. (*Id.* ¶ 102)

## B. The tarp

Mr. Bult's requires every trailer to be tarped prior to transporting waste. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 42.) Without a tarp, pieces of waste are able to fly out of the trailers. (*Id.* ¶ 66.) The entire open area of the trailers must be covered by the tarp in order to prevent the loss of any waste. (*Id.*) Although Mr. Bult's purchased the manual tarp itself from Third-Party Defendant Wagner Tarps, (R. 106-1, Trail King Statement of Undisputed Facts ¶ 31), Trail King equipped the tipper trailers which it sold to Mr. Bult's with manual tarping systems that utilized U-brackets to hold the tarp in place, tarp hooks to strap the tarp down, and front and rear ladders. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 50.)

## C. The manual tarping process

The trailer's tarp is wrapped around a tube near the front of the trailer. In order to manually tarp the trailer, the driver must first climb up the front ladder and enter the trailer. (R. 107-1, McDaniel Statement of Undisputed Facts ¶¶ 68-71.) Once in the trailer, the driver stands behind the tarp and rolls it and the tube toward the rear of the trailer. (*Id.*) While inside the trailer to unroll the tarp, the driver must walk on municipal waste. (*Id.* ¶ 73.) This waste does not provide a flat and level surface on which to walk. (*Id.*) The footing has holes, air pockets,

3

and areas that are unstable due to the waste. (*Id.* ¶¶ 73, 75.) Further, as a result of walking on the waste, the operator's footwear may become slippery. (*Id.* ¶ 76.)

After unrolling the tarp to cover the trailer, the driver partially descends the rear ladder. (R. 107-1, McDaniel Statement of Undisputed Facts ¶¶ 68-71.) The ladder functions as not only a mechanism to ascend and descend the trailer, but also as a work station. (*Id.* ¶¶ 135-136.) While standing on the ladder, the driver pulls the tarp down until he can place the tube into U-brackets. (*Id.* ¶¶ 91-93.) The driver then folds over the corner piece of the tarp to a position where it can be properly tied to the tarp hook. (*Id.* ¶ 96.) Next, the driver completely descends the rear ladder and goes around to each side of the trailer to attach the tarp to the trailer using bungee cords. (*Id.* ¶ 68.)

During the unrolling process, the tarp may become caught on the rail of the trailer or snagged on the municipal waste inside the trailer. (R. 107-1, McDaniel Statement of Undisputed Facts ¶¶ 81-83, 85.) These problems can occur at any point, including just a few feet away from the end of the trailer. (*Id.* ¶ 82.) Some drivers will correct problems with snagging and slack by pulling on the tarp while standing on the rear ladder. (*Id.* ¶ 183.)

### D.     The Incident

On September 16, 1998, the weather conditions were damp and misty. (R. 106-1, Trail King Statement of Undisputed Facts ¶ 52.) McDaniel drove the trailer to the Shred-All transfer station in Burnham, Illinois, where municipal waste was placed in his trailer. (*Id.* ¶ 51.) This waste reached a foot below the top of the trailer. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 171.) After he unrolled the tarp the length of his trailer, he placed both feet on the third rung of the rear ladder and faced forward. (R. 106-1, Trail King Statement of Undisputed Facts

4

¶¶ 55, 56.) McDaniel then noticed that the tarp was snagged on a burr about three feet in front of him. (*Id.* ¶ 57.) Because of the burr, McDaniel did not have enough slack in the tarp to place the tube in the U-brackets. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 176.)

Instead of re-entering the trailer to unsnag the tarp, McDaniel attempted to fix the problem while standing on the rear ladder. (R. 106-1, Trail King Statement of Undisputed Facts at ¶ 59.) McDaniel leaned to his left, took his left leg off the ladder, and tried to place his left foot on a two-inch ledge on the tailgate of the trailer. (*Id.* ¶ 60.) McDaniel was holding the tarp with his left hand. (*Id.* ¶ 61.) His right hand was on ladder's right side rail. (*Id.*) His right foot was on the ladder. (*Id.*)

While in this position, McDaniel pulled on the tarp with his left hand. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 174.) McDaniel's foot slipped off the ledge and he fell off of the trailer. (*Id.* ¶ 186.) As a result of the fall, McDaniel's leg had to be amputated. (*Id.* 199.)

## ANALYSIS

Trail King makes three arguments in support of its motion for summary judgment. First, it claims that it cannot be held strictly liable or negligent because the dangers associated with McDaniel's injuries were open and obvious and the product is simple. Second, it claims that Plaintiff cannot prove that Defendant is strictly liable or negligent because he cannot prove that the product was unreasonable dangerous. Third, Trail King claims it cannot be liable for breach of warranty because it excluded implied warranties from its sale of the trailer.

## I.  Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court's function is "not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). A genuine issue of material fact exists only if a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

In assessing whether a genuine issue of material fact exists in a case, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See id.* at 255, 106 S.Ct. at 2516. If the evidence is such that a reasonable fact-finder could find for the nonmoving party, then a genuine issue of material fact exists. *Id.* at 248, 106 S.Ct. at 2510.

In the products liability context, a manufacturer has a duty to produce a product that is reasonably safe for all intended uses. *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 43 (Ill. 2002). A plaintiff has the burden of establishing that his injury resulted from an unreasonably dangerous condition of the product and that this condition existed at the time the product left the defendant's control. *Doser v. Savage Mfg. & Sales, Inc.*, 568 N.E.2d 814, 819 (Ill. 1990). A plaintiff may prove that a product is unreasonably dangerous using either the consumer

expectation or the risk-utility test. *Scaccianoce v. Hixon Mfg. & Supply Co.*, 57 F.3d 582, 586 (7th Cir. 1995) (applying risk-utility test under Illinois law).

## II. Application Of Both The Consumer Expectation Test And The Risk-Utility Test Is Appropriate

There are certain exceptions to the consumer expectation test and the risk-utility test. First, if the danger is open and obvious it is inappropriate to apply the consumer expectation test. Second, if the danger is open and obvious and the product is simple the risk-utility test cannot be applied. Trail King argues that both exceptions exist and that neither test can be applied to show that the product was unreasonably dangerous.

### A. The Danger McDaniel Faced was not Open and Obvious

A danger is deemed open and obvious if it is "derive[d] merely from those inherent properties of a product which are obvious to all who come in contact with the product." *Hunt v. Blasius*, 384 N.E.2d 368, 372 (Ill. 1978). The determination of whether a danger is open and obvious is a question of fact. *Harmon v. United States*, 8 F.Supp.2d 757, 761 (N.D. Ill. 1998) (citing *Steinhauer v. Arnie Bauer Cadillac Co.*, 526 N.E.2d 577, 578 (Ill. App. Ct. 1988) (reversing summary judgment entered in favor of defendant where the plaintiff had hit her head on protruding ledge in automobile dealership)). Only where there is no doubt as to whether the alleged danger is open and obvious can a court decide the issue as a matter of law. *Klen v. Asahi Pool, Inc.*, 643 N.E.2d 1360, 1369 (Ill. App. Ct. 1994) (citation omitted). Examples of open and obvious conditions are fire, height, and bodies of water. *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996).

7

Defendant states that the risk Plaintiff took was open and obvious because the danger of falling off a ladder is open and obvious. McDaniel argues that Trail King has taken an overly simplistic look at the chain of events that led to the Plaintiff's injury. McDaniel claims that the defective design of the trailer's manual tarping process caused his shoes to become slippery from walking through municipal waste and forced him to unsnag the tarp from a ladder, without handholds or platforms for support, by pulling on the tarp.

The Court agrees with McDaniel. Indeed, were this Court to side with Trail King's position, a defendant could never be liable when a plaintiff falls from a ladder or a height, no matter what the cause. With good reason, courts have instead looked at the specific risk that the plaintiff encountered and whether that specific risk was open and obvious. *See, e.g., Brown v. Unichema Chemicals, Inc.*, 643 N.E.2d 1354, 1360 (Ill. App. Ct. 1994) (reversing trial court's decision that lack of hooks in mortar to attach ladder was open and obvious danger where plaintiff fell from ladder). It is undeniable that if a design flaw in a product caused a person to fall off of a ladder, that injured person can recover from the manufacturer of the unreasonably dangerous product. *Collins v. Montgomery Ward & Co.*, 315 N.E.2d 670, 672 (Ill. App. Ct. 1974) (manufacturer liable if plaintiff can prove that his fall was caused by an unreasonably dangerous and defective design that existed at the time the ladder left the control of the manufacturer).

Here, the uncontested facts do not show that the risk was open and obvious. Trail King has failed to show that it was open and obvious that McDaniel's shoes would have become slippery from walking through the waste. Trail King has also failed to show that it was open and obvious that McDaniel would lose his balance by pulling on the tarp in order to remove the snag.

8

Further, Trail King has failed to show that McDaniel was injured because of the trailer's inherent properties. Thus, the question of whether the danger was open and obvious is best left for a jury. Without a finding that the danger was open and obvious, the consumer expectation test applies, as discussed below.

### B. The Trailer is not a "Simple" Product

Even if the Court were to find that the danger was open and obvious, the Court would not find that the product was simple. There are few established criteria for distinguishing "simple" products from those not so simple. *Scaccianoce*, 57 F.3d at 586. The best way to determine whether a product is simple is by analogy. Among the products that have been deemed simple are a cigarette lighter, *Todd*, 21 F.3d at 1412; a tampon, *Haddix v. Playtex Family Prods. Corp.*, 138 F.3d 681, 684 (7th Cir. 1998), and a deep-fat fryer, *Scoby v. Vulcan-Hart Corp.*, 569 N.E.2d 1147, 1151 (Ill. App. Ct. 1991). On the other hand, products that are not simple include a surveyor's prism pole, *Scaccianoce*, 57 F.3d at 587; a hydraulic lifting system, *Fuller v. Rand Automated Compaction Sys., Inc.*, No. 92 C 1797, 1995 WL 107125 (N.D. Ill. Mar. 8, 1995); a compicker combine, *Besse v. Deere & Co.*, 604 N.E.2d 998, 1002 (Ill. App. Ct. 1992); a pizza dough rolling machine, *Wortel v. Somerset Indus., Inc.*, 770 N.E.2d 1211, 1222 (Ill. App. Ct. 2002); and an IV catheter connection. *Hansen*, 764 N.E.2d at 46.

The operation of the trailer and the tarping system is closer to the products that are not simple than to the ones that are simple. The trailer required a driver to climb a ladder, walk through waste while unrolling a tarp, place the tarp's tube in a U-bracket while standing on a ladder, and secure all sides of the tarp. This is not as simple as lighting a flame, using a tampon, or working a deep fat fryer. The risk-utility test is not applicable only if the product is simple

9

and the risk is open and obvious. Here, neither of these conditions are met. Accordingly, the risk-utility test can be applied to this case.

**III.  Both The Consumer Expectation And The Risk-Utility Tests Show That Summary Judgment Is Not Appropriate**

Finding that the undisputed facts do not show that the dangers are open and obvious and the product is simple, the Court will now apply both the consumer expectation and the risk-utility tests.

**A.  There is a Dispute of Material Fact as to whether the Trailer is Unreasonably Dangerous under the Consumer Expectation Test**

Whether the product is defective or unreasonably dangerous is a question of fact that the jury should ordinarily resolve. *Doser*, 568 N.E2d at 819-20. Only if the facts are undisputed on the question of whether the product is unreasonably dangerous may a court enter summary judgment. *Fuller v. Fed-All Co.*, 388 N.E.2d 964, 966 (Ill. App. Ct. 1979). To be unreasonably dangerous under the consumer expectation test, "[t]he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." RESTATEMENT (SECOND) OF TORTS § 402A.; *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1406 (7th Cir. 1994) (en banc). In other words, "a product is only considered defective or unreasonably dangerous if it fails to perform in a manner the ordinary consumer would expect." *Todd*, 21 F.3d at 1406-07. To illustrate, a person who is injured when a cigarette lighter provides a flame cannot recover from the manufacturer of the lighter because it performed its expected function. *Id.*

There is nothing inherent to the design of a trailer that would preclude a plaintiff from recovering under the consumer expectation test. A question of material fact still exists as to

10

whether the trailer performed in a manner that an ordinary consumer would expect. There are aspects of the design of the trailer that a jury might find defective, including the manual tarping process and the mounting of the ladder without handholds or a platform.

Further, there is a question of material fact as to whether an appropriate alternative design for the trailer exists. Under Illinois law, in order to show that a product is unreasonably dangerous, a plaintiff must present an alternative design that is "economical, practical, and effective." *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000), *cert. denied*, 531 U.S. 1148 (2002). Trail King argues that McDaniel has not offered any admissible evidence that an appropriate alternative design is available. Trail King's main challenge is that McDaniel's expert, Daniel Pacheco, is not qualified to testify on this issue based on *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

The Court does not need to delve into the issue of whether Mr. Pacheco's testimony is admissible because Plaintiff has provided enough evidence of alternative designs without this testimony to survive summary judgment. Specifically, McDaniel proposes two changes to the design of the trailer: (1) installing an automated rollover or swing arm tarp to replace the manual tarping system; and (2) providing platforms on the trailer and appropriate handholds.

Providing Plaintiff with all reasonable inferences, he has provided sufficient evidence that alternative designs exist that are economical, practical and effective. The alternative rollover tarping system is ground operated. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 38.) Several manufacturers of tarps already provide rollover and other ground operated tarping systems. (*Id.* ¶¶ 47, 111.) The rollover tarping system would fit on the Trail King tipper trailer. (*Id.* ¶ 110.) Rollover tarping systems can be a safer tarping method than manual tarping systems.

11

(*Id.* ¶ 122.) Given that the alternative design is already used throughout the industry and that the rollover tarps would eliminate at least some of the need to enter the trailer and perform tasks on a ladder with slippery shoes, the Plaintiff has established for the purposes of summary judgment that the rollover design is economical, practical, and effective.

Further, the platforms and handholds proposed by McDaniel meet this standard. Handholds allow the driver greater grasping ability by enabling him to hold on to something other than the side rails of the ladder. (R. 107-1, McDaniel Statement of Undisputed Facts ¶ 60.) The platforms increase the ledge on the tailgate to eight inches deep and twenty inches wide. (*Id.* ¶ 143.) The installation of platforms would allow the operator to have another place to put his foot. (*Id.* ¶ 147.) The cost for adding the platforms is approximately $100. (*Id.* ¶ 144.) Mr. Bult's added platforms to the trailers after McDaniel's fall to "enhance the safety for operators." (*Id.* ¶ 148.) Providing Plaintiff with all reasonable inferences, the evidence can establish that the platforms and handholds are economical, practical, and effective.

**B.      There is a Dispute of Material Fact as to whether the Trailer is Unreasonably Dangerous under the Risk-Utility Test**

The risk-utility doctrine allows a plaintiff to demonstrate that a product is defective by producing evidence that shows that the product design was the proximate cause of his injury. *Lamkin v. Towner*, 563 N.E.2d 449, 457 (Ill. 1990). The burden then shifts to the defendant to prove that, on balance, the benefits of the challenged design outweigh the risks of danger inherent in the designs. *Id.*

Here, Plaintiff has introduced sufficient evidence that the product design was the proximate cause of his injury. The undisputed facts show that McDaniel's slippery shoes caused

him to fall off of the trailer while he was attempting to unsnag the tarp. Providing McDaniel

with all reasonable inferences, he has offered alternative designs that would have prevented his

injury.

Because McDaniel has provided evidence to show that the trailer's design proximately

caused his injury, the burden shifts to Trail King. Trail King, however, has neither provided

evidence nor argued that the benefits of the trailer's design outweigh its dangers. Trail King

therefore cannot show that it is entitled to judgment as a matter of law with respect to the risk-

utility test. Accordingly, McDaniel may proceed with its strict liability and negligence actions

against Trail King under both the consumer expectation and risk-utility tests.

## III.    McDaniel Cannot Recover On Warranty Theories

McDaniel has sued Trail King for breach of an implied warranty of merchantability in

Count VII and for breach of an implied warranty of fitness in Count X. Neither of these claims

can stand because Trail King expressly excluded implied warranties in selling the trailers to Mr.

Bull's. It included the exact same exclusionary language in both a "Limited Warranty &

Limitation of Liability" document and in an owner/operator manual:

> TRAIL KING and the PURCHASER agree that, in consideration
> of the above expressed warranty, all other warranties other than
> title, either expressed or implied, whether arising under law or
> equity including warranties or merchantability and fitness for a
> particular purpose are excluded from this contract.

Plaintiff first claims that the exclusion is not valid because it is contained in multiple documents

and therefore "which warranties are in place . . . is a question of fact." This argument is frivolous

because the language is exactly the same in both documents.

Plaintiff next claims that the exclusions were ineffective because they were not provided for each transaction and Mr. Bult's representatives were not aware of their content. Plaintiff's arguments here are likewise meritless. The fact that Mr. Bult's employees could only recall the language in the exclusions after being shown a copy of them does not support Plaintiff's arguments that the exclusions were ineffective. Breach of warranty is a matter of contract law. *See Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 261-62, 99 S.Ct. 2753, 2757, 61 L.Ed.2d 521 (1979); 2 L. FRUMMER & M. FRIEDMAN, PRODUCTS LIABILITY, § 3.01[5] at 3-48 (1986) (noting warranty disclaimers are matter of contract law). These exclusions were incorporated into the contract for the sale of the trailers. Mr. Bult's and its employees were aware that the exclusions existed. There is no requirement that anyone from Mr. Bult's or its employees know the language in the exclusion. Even providing McDaniel with all reasonable inferences, the undisputed facts show that Trail King is entitled to summary judgment on the breach of warranty claims.

## CONCLUSION

Defendant's motion for summary judgment is granted in part and denied in part. There are disputes of material fact on Plaintiff's claims for strict liability and negligence. Plaintiff's claims in Counts VII and X for breach of implied warranties cannot stand, however, given the express exclusion of those recoveries by Trail King.

DATED: December 12, 2002               ENTERED

AMY J. STEVE
United States District Court Judge

14